IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DANTAE BATES,<br><br>　　　　Defendant. | Case No. CR07-0104<br><br>ORDER FOR PRETRIAL DETENTION |

On the 3rd day of March 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by Attorney Jane Kelly.

## RELEVANT FACTS

On November 28, 2007, Defendant Dantae Bates was charged by Indictment with possession of a firearm and ammunition as an unlawful user of marijuana. Defendant appeared on February 28, 2008, and entered a plea of not guilty. Trial is scheduled before Chief Judge Linda R. Reade on April 28, 2008.

The evidence in support of Defendant's pretrial detention was proffered without objection at the time of hearing by Assistant United States Attorney Robert L. Teig. According to Mr. Teig, witnesses will testify that at approximately 2:00 a.m. on April 14, 2007, a shooting was reported in downtown Cedar Rapids, near the Legends Bar. Approximately five minutes later, law enforcement officers stopped a vehicle nearby matching a description given by an eyewitness. Defendant Dantae Bates was alone in the vehicle. The eyewitness--an off-duty Nebraska police officer--was brought to the place

1

where Bates was stopped and identified the vehicle as the one at the scene, and Defendant as the shooter.

A 9 mm semi-automatic handgun was found in the vehicle, with thirteen rounds found in the clip, including hollow-point ammunition. Defendant initially denied having fired the weapon, but after powder residue was found on his hand, he told officers that he had fired the weapon several days earlier. Three 9 mm shell casings found at the scene were later determined by ballistics to have come from the gun found in the car being driven by Defendant.[1]

Defendant admitted using marijuana "often," including that night. Defendant refused to submit to urinalysis, however, and initially refused to cooperate after a search warrant was secured to obtain a urine sample. When told that he would be catheterized, however, Defendant provided a urine sample, which tested positive for marijuana.

According to the Pretrial Services Report, Defendant is 26 years old and unemployed. Defendant reported that he lived on Bever Avenue with Angela Kidd since 1998, but Defendant's girlfriend, Nicole Peyton, told the pretrial services officer that he has lived in Marion since about 2006. Defendant told the pretrial services officer that he graduated from Marion High School, but his girlfriend said he graduated from a high school in Chicago. The pretrial services officer contacted Marion High School and was informed that Defendant did not graduate from there. Defendant told the pretrial services officer that he has a three-month-old son with his girlfriend, but his girlfriend denied that fact and at the time of hearing Defendant's attorney confirmed that Defendant is not the biological father of the child. Defendant also gave various answers when asked where he was born.

Defendant was arrested in Chicago for illegal possession of ammunition in 2003 and possession of cannabis in 2004. Defendant reported to the pretrial services officer that

---

[1] According to Mr. Teig, the car was registered to a Robert Wilson, but the address shown on the registration was "false."

these charges were dismissed, and the Pretrial Services Report indicates that their dispositions are unknown.

On June 19, 2006, Defendant was arrested in Linn County for possession of a controlled substance. He received a deferred judgment on February 28, 2007, and was placed on probation for one year. The incident which gives rise to the instant charge occurred approximately six weeks later. Defendant's probation was subsequently revoked because, according to Defendant, he did not complete community service. On October 5, 2007, he was sentenced to five days in jail and ordered to pay a $315.00 fine.

Defendant was charged with intimidation with a dangerous weapon in state court as a result of the incident which gives rise to the instant charge. According to the Pretrial Services Report, trial is scheduled on that charge on March 10, 2008. Defendant also has a recent conviction for unlawful possession of a prescription drug, for which he received a $315.00 fine.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

3

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of a firearm and ammunition as an unlawful user of marijuana, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). As set forth above, the evidence suggests that Defendant fired a 9 mm handgun containing hollow-point ammunition. Defendant was using marijuana at that time, despite having received a deferred judgment for possession of a controlled substance and been placed on probation approximately six weeks earlier. Since that time, Defendant has continued to use controlled substances, admitting to the pretrial services officer that he used marijuana approximately once a week up until one week prior to his arrest. Defendant's use of marijuana continued despite having attended a substance abuse program in January 2008.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court

concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 28, 2008) to the filing of this Ruling (March 3, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 3rd day of March, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA